JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1213 PA (SHx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., et al. v. Levi Benson | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Levi Benson ("Defendant") on February 10, 2012. Plaintiff HSBC Bank USA, N.A., as trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through Certificates, OCWEN Loan Servicing, LLC its Attorney in Fact ("HSBC") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1). Defendants also invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

   A.   **Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1213 PA (SHx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., et al. v. Levi Benson | | |

claim.  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

   Here, the Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged.  Defendant erroneously claims that this action should be consolidated with and considered related to a separate wrongful foreclosure action Defendant commenced against HSBC.  That wrongful foreclosure action was removed by HSBC to the Central District of California pursuant to the Court's diversity jurisdiction on August 12, 2011 (Case No. CV 11-6674 SJO (Ssx)).  The fact that HSBC commenced this unlawful detainer action prior to its filing of the Notice of Removal of Plaintiff's wrongful foreclosure action does not result in the removal of both actions.  Although both actions may relate to the same property, at the time of the filing of the Notice of Removal of the wrongful foreclosure action, the two actions were separate and distinct actions.  Moreover, because only the defendant may file a Notice of Removal, HSBC could not remove the unlawful detainer action it commenced.  See 28 U.S.C. § 1446(a).  Finally, Defendant's reference to the National Banking Act, 12 U.S.C. §§ 85-86, does not create federal question jurisdiction because the unlawful detainer action does not allege a claim under the National Banking Act.  These allegations do not constitute a basis for removal.  Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal.  Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Therefore, Defendants have failed to show that federal question jurisdiction exists.

  **B.**  **Removal Under 28 U.S.C. § 1443**

   A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court.  28 U.S.C. § 1443.  Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act."  Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969).  Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ."  28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test
> articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92,
> 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood,
> Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944
> (1966).  "First, the petitioners must assert, as a defense to the prosecution,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1213 PA (SHx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., et al. v. Levi Benson | | |

rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Defendant does not allege any facts that would support removal under § 1443 and therefore Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. There are no allegations or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendant's conclusory allegations concerning the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendant's federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

  **C.**   **Diversity Jurisdiction**

  Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

  Although Defendant alleges that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, HSBC alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $60 per day from the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1213 PA (SHx) | Date | February 14, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., et al. v. Levi Benson | | |

expiration of the Notice to Quit until it obtains a judgment.  Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

      For the foregoing reasons, Defendant has failed to meet his burden of showing that federal subject matter jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Chatsworth Courthouse of the Los Angeles County Superior Court, Case No. 11H01517.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.